UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24229-BLOOM

WILLIE DISHON OBADIAH,

      Movant,
v.

UNITED STATES OF AMERICA,

      Respondent.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon *pro se* Movant's Objections to the Court's November 4, 2020 Denial of Petitioner's Motion for Discovery, ECF No. [9] ("Motion"), which the Court construes as a motion for reconsideration. The Court has carefully considered the Motion, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x. 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a

decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood*, 300 F. App'x at 700 (citation omitted).

Upon review, the Motion must be denied because Movant fails to set forth any ground warranting reconsideration. The Motion amounts to no more than disagreement with the Court's reasoning and ultimate conclusions in its previous Order, ECF No. [8], which is not a proper basis for reconsideration. *See Z.K. Marine Inc*, 808 F. Supp. at 1563 ("It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already though through—rightly or wrongly.") (citation and alterations omitted); *see also Roggio v. United States*, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) ("[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.") (internal citation and quotations omitted). Movant raises the same arguments as in his previous Request for Discovery to Further Demonstrate His 28 U.S.C. § 2255 Motion to Vacate Judgment and Sentence, ECF No. [7] ("Request"). Movant's request regards his need for the requested discovery materials, which argument the Court has already rejected at this juncture. *See* ECF No. [8]. As the Court noted in that Order, the Court denied Movant's Request "without prejudice to the Movant filing a motion for discovery upon a sufficient showing of good cause." *Id*. at 3.

Accordingly, Plaintiff's Motion, **ECF No. [9]**, is **DENIED**.

Case No. 20-cv-24229-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 24, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Willie Dishon Obadiah, *pro se*
34872-058
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, Florida 33101