UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24229-BLOOM

WILLIE DISHON OBADIAH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION TO REOPEN TIME TO FILE AN APPEAL

**THIS CAUSE** is before the Court upon Petitioner Willie Dishon Obadiah's Motion to Reopen. ECF No. [24]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

The statutory time limit for filing a notice of appeal in a civil case is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007); 28 U.S.C. § 2107. In a case where one of the parties is the United States, the appellant must file a notice of appeal no later than 60 days after the challenged order or judgment is entered on the docket. Fed. R. App. P. 4(a)(1)(B)(i). A district court may not extend the time to file a notice of appeal, except as authorized by Rule 4 of the Federal Rules of Appellate Procedure. Fed. R. App. P. 26(b)(1).

Where a party alleges that the time to file a notice of appeal should be extended or reopened because he did not receive notice of a dispositive order or judgment, courts analyze the claim under Rule 4(a)(6) of the Federal Rules of Appellate Procedure. *See Sanders v. United States*, 113 F.3d 184, 186–87 (11th Cir. 1997). Under Rule 4(a)(6), the district court may reopen the time to file an appeal, for a period of 14 days after the date when its order to reopen is entered, but only if: (1)

the moving party did not receive notice of the order within 21 days after entry; (2) the motion is filed within 180 days after the order is entered, or within 14 days after the moving party receives notice, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

On January 5, 2022, the Court entered an order denying Petitioner's § 2255 Motion. ECF No. [18]; *see* ECF No. [19] (Final Judgment). The orders were mailed to the Federal Detention Center in Miami, Florida. *See* ECF Nos. [18], [19]. On January 31, 2022,[1] Petitioner filed a Motion for Supplemental Pleading. ECF No. [20], and listed his address as the FCI Williamsburg in Salters, South Carolina.[2] *Id.* at 1. In a Paperless Order, the Court denied the Motion for Supplemental Pleading, noting that the Court previously denied Petitioner's Motion to Vacate. ECF No. [21] (citing ECF No. [18]). Petitioner's address was updated to reflect the transfer to FCI Williamsburg, and a copy of the Paperless Order was mailed to Petitioner. *See id.*; ECF No. [24-2] at 9-10. On February 28, 2022, Petitioner received the copy of the Court's Paperless Order denying the Motion for Supplemental Pleading. ECF No. [24] at 4.

Petitioner is unable to satisfy all three requirements of Rule 4(a)(6). First, Petitioner alleges, and the record supports, that he did not receive notice of the Court's Order denying his § 2255 Motion until more than 21 days after its entry. Petitioner alleges that he did not receive notice of the Court's Order until February 28, 2022, 54 days after its entry. As such, Petitioner satisfies the first requirement. *See* Fed. R. App. P. 4(a)(6)(A).

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations and internal quotation marks omitted).

[2] On May 2, 2021, Petitioner filed a Notice of Change of Address alerting the Court that he was "in undetermined transport situation without any access to legal papers or perman[e]nt address until such a time the federal bureau of prison decides." ECF No. [16] at 1 (alteration added). On the Notice, Petitioner listed his address as the Federal Detention Center in Miami, Florida. *Id.* Petitioner did not file any additional notices alerting the Court to any further address changes.

On this record, the second requirement, however, is not satisfied. Petitioner argues that under Rule 4(a)(6)(B), he was required to file a motion to reopen the time to file an appeal within 180 days of the entry of judgment. ECF No. [24] at 4. Because 180 days since the judgment was entered has not yet elapsed, Petitioner reasons that he has satisfied the second condition. *Id.*

Petitioner's argument overlooks the second clause of the Rule. In pertinent part, the Rule states as follows:

> (B) the motion is filed within 180 days after the judgment or order is entered *or* within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d), *whichever is earlier*[.]

Fed. R. App. P. 4(a)(6)(B) (emphasis added). The receipt of the actual order or judgment is not necessary to start the 14-day clock—written notice of the order or judgment being appealed suffices. *See McDaniel v. Moore*, 292 F.3d 1304, 1306 (11th Circuit 2002) ("We need not address [whether the words 'notice of entry' require written or actual notice] here, because even if we were to agree with McDaniel that only written notice is sufficient, the clerk's letter dated March 15 satisfies this requirement." (alterations added)).

On February 28, 2022, Petitioner received a copy of the Court's Paperless Order denying his Motion for Supplemental Pleading. ECF No. [24] at 4. The text of the Paperless Order referenced "the Court's Order denying Petitioner Willie Dishon Obadiah's [§ 2255 Motion], ECF No. [18]" as support for denying the Motion for Supplemental Pleading as moot. ECF No. [21] (alteration added). Additionally, the docket sheet mailed to Petitioner as part of the Paperless Order included the following text: "WARNING: CASE CLOSED on 01/05/2022." ECF No. [24-2] at 10; ECF No. [21]. Because Rule 4(a)(6)(B) specifies that a motion to reopen time to file an appeal must be filed within 14 days after the moving party receives notice, Petitioner needed to file the instant Motion by March 14, 2022. However, Petitioner did not file the Motion until March 17, 2022. ECF No. [24] at 5. Petitioner cannot satisfy the second requirement of the Rule. As such,

Case No. 20-cv-24229-BLOOM

the Court need not address the third requirement of prejudice to either party. *See* Fed. R. App. P. 4(a)(6)(B) and (C).

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Motion to Reopen, **ECF No. [24]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 7, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Willie Dishon Obadiah
#34872-058
Williamsburg
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 340
Salters, SC 29590
PRO SE

4