UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24229-BLOOM

WILLIE DISHON OBADIAH,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Petitioner Willie Dishon Obadiah's Motion for Reconsideration. ECF No. [27]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

District courts may only grant a motion for reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *See Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370

(S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)).

Petitioner seeks reconsideration of the denial of his motion to reopen time to file an appeal under Fed. R. App. P. 4(a)(6). ECF No. [27]; *see* ECF Nos. [25, 24]. Under Rule 4(a)(6), the district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if: (1) the moving party did not receive notice of the order within 21 days after entry; (2) the motion is filed within 180 days after the order is entered, or within 14 days after the moving party receives notice, whichever is earlier; and (3) the court finds that no party would be prejudiced. Fed. R. App. P. 4(a)(6).

On January 5, 2022, the Court entered an order denying Petitioner's § 2255 Motion. *See* ECF No. [18]. The Court previously determined that Petitioner did not receive a copy of the January 5, 2022 Order within 21 days of its entry. *See* ECF No. [25] at 2 ("[T]he record supports [] that he did not receive notice of the Court's Order denying his § 2255 Motion until more than 21 days after its entry." (alterations added)). Petitioner first received notice that his § 2255 Motion had been denied through the text of a paperless order:

> On February 28, 2022, Petitioner received a copy of the Court's Paperless Order denying his Motion for Supplemental Pleading. ECF No. [24] at 4. The text of the Paperless Order referenced "the Court's Order denying Petitioner Willie Dishon Obadiah's [§ 2255 Motion], ECF No. [18]" as support for denying the Motion for Supplemental Pleading as moot. ECF No. [21] (alteration added). Additionally, the docket sheet mailed to Petitioner as part of the Paperless Order included the following text: "WARNING: CASE CLOSED on 01/05/2022." ECF No. [24-2] at 10; ECF No. [21].

ECF No. [25] at 3. As to Rule 4(a)(6)'s second requirement, Petitioner reasserts his argument that the paperless order he received was insufficient to constitute the notice Rule 4(a)(6) contemplates. The Court agrees.

In 2005, the advisory committee notes for Rule 4(a)(6) clarified that "only a formal notice of the entry of a judgment or order, as prescribed by Federal Rule of Civil Procedure 77(d), constitutes proper 'notice of entry' of a judgment." *Phillips v. Sec'y, Fla. Dep't of Corr.*, 777 F. App'x 355, 358 (11th Cir. 2019) (citing Fed. R. App. P. 4(a)(6) advisory committee's note to 2005 amendment). Thus, "an ancillary order from the district court that mentions a prior ruling does not constitute formal 'notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed.'" *Id.* at 359-60 (citing Fed. R. App. P. 4(a)(6)).

Like Petitioner, the litigant in *Phillips* did not receive a copy of the order denying his petition; instead, three months later, he received a copy of a separate order referencing the earlier dismissal of the case. *Id.* at 360. The Eleventh Circuit held that the ancillary order was insufficient to start the 14-day period under Rule 4(a)(6). *Id.* And, because the litigant did not receive formal notice within 21 days of its entry, he "had 180 days from the date the district court entered its order denying his [petition] to file his Rule 4(a)(6) motion." *Id.* (alteration added).

The facts before the Court mirror the facts present in *Phillips*. Petitioner had until July 5, 2022, 180 days from entry of the January 5, 2022 Order denying his § 2255 Motion, to file his motion to reopen time to file appeal. Thus, Petitioner's motion to reopen time to file an appeal was timely under Rule 4(a)(6).

Finally, after review of the record, the Court finds that neither party would be prejudiced by reopening the time for Petitioner to file his appeal.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 20-cv-24229-BLOOM

1) Petitioner's Motion for Reconsideration, **ECF No. [27]**, is **GRANTED**.

2) Pursuant to Fed. R. App. P. 4(a)(6), it is **ordered** that the time to file notice of appeal is reopened. Within **14 days** of receipt of this Order, Petitioner **shall file a notice of appeal**. The Court cautions Petitioner that no further extensions will be granted.

3) In an abundance of caution, the Clerk is **ordered** to provide Petitioner with copies of the January 25, 2022 Orders, **ECF Nos. [18]** & **[19]**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 22, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Willie Dishon Obadiah
#34872-058
Williamsburg
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 340
Salters, SC 29590
PRO SE